## C. A. LESTER v. THE STATE.

No. 16536. Delivered May 2, 1934.

216

The opinion states the case.

*Gus Morris* and *Milton Greer Mell,* both of Gilmer, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for polluting a water course and lake; punishment, a fine of $250.00.

Article 698, P. C., under which this prosecution was had, penalizes him who shall pollute any water course, body of water, etc., by depositing or discharging therein, "or in such proximity thereto as that it will probably reach and pollute the water thereof," any crude petroleum, oil, sewage or polluting matter, etc. Other averments relative to other features of the offense are set out in the information, but are not quoted or discussed in view of our disposition of the case.

The information herein does not follow that part of the statute above quoted, but instead states as follows: "Cast crude petroleum, and oil in proximity to such water course, that such crude petroleum and oil reached such water course." A motion to quash, based on the above averment, was overruled. In our opinion it should have been sustained. It seems plain that there might have arisen causes, circumstances and conditions in any case, not reasonably to be foreseen when the oil in question was deposited or put in some tank or reservoir,—by means and because of which unexpected and untoward happening such oil was thrown or discharged into some not too distant water course. Would such proof as here indicated meet the demand of the above statute? We think not.

If an individual or corporation build adequate oil tanks on a hill side and fill them with oil, and a tornado sweep their contents into the stream at the foot of the hill,—while of necessity this would have been a putting of the oil where it reached the water course,—still no court would hold upon such showing that this law had been violated. There are many other conceivable ways in which polluting substances might reach a water course or a lake from points of location or discharge,—when the causes by means of which they reach the water were not such as could have been reasonably foreseen or prevented. Illustrations ad libitum might be adduced.

This law demands, and we hold, that the complaint must aver the depositing, casting or discharge of the alleged polluting substance either in such water course or body of water, or else in such proximity thereto as that such polluting substances would probably reach and pollute the water.

Believing the trial court in error, and that the complaint is not sufficient, the judgment will be reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*